Michael LANE, Plaintiff–Appellant

v.

HARRIS COUNTY MEDICAL DE-
PARTMENT; Michael Seal; Trong,
DR, Defendants–Appellees.

No. 06–20935

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 2008.

Michael Lane, Tennessee Colony, TX,
pro se.

Lina Peng Garcia, County Attorney's
Office for the County of Harris, Houston,
TX, Christopher Champion Wike, Office of
the Attorney General Law Enforcement
Defense Div., Austin, TX, for Defendants–
Appellees.

Before REAVLEY, SMITH, and
BARKSDALE, Circuit Judges.

PER CURIAM: *

Michael Lane, Texas prisoner
# 1238595, appeals from the district
court's grant of summary judgment. 42
U.S.C. § 1983; FED.R.CIV.P. 12(b)(6), 56.
In addition to arguing the merits of his
claims, Lane argues that the district court
erred in dismissing his claims for failure to
exhaust administrative remedies.

We review the grant of summary judg-
ment de novo. *Resolution Trust Corp. v.
Sharif–Munir–Davidson Dev. Corp.*, 992
F.2d 1398, 1401 (5th Cir.1993). Lane was
required under 42 U.S.C. § 1997e(a) to
exhaust administrative remedies before fil-
ing suit. *See* § 1997e(a); *Jones v. Bock*,
—— U.S. ——, 127 S.Ct. 910, 914, 166
L.Ed.2d 798 (2007); *Johnson v. Johnson*,
385 F.3d 503, 515 (5th Cir.2004). Proper
exhaustion is required, meaning that the
prisoner must not only pursue all available
avenues of relief; he must also comply
with all administrative deadlines and pro-
cedural rules. *Woodford v. Ngo*, —— U.S.
——, 126 S.Ct. 2378, 2385–88, 165 L.Ed.2d
368 (2006). Viewing the evidence in the
light most favorable to Lane, the summary
judgment evidence reveals no genuine is-
sue of material fact on the issue whether
Lane failed to complete the required steps
of the Harris County Jail grievance proce-
dure because he failed to appeal the denial
of his May 11, 2004, grievance. Because
Lane failed to complete the administrative
review process, the district court did not
err in dismissing Lane's suit on the ground
that Lane failed to exhaust administrative
remedies. *See Jones*, 127 S.Ct. at 922–23.

Lane argues that the district court erred
in denying his motion to amend his com-
plaint and in denying his motion for the
appointment of counsel. The district court
did not abuse its discretion in denying
amendment of the complaint because even
as amended, the complaint would be sub-
ject to dismissal for failure to exhaust
administrative remedies. *See Addington
v. Farmer's Elevator Mut. Ins. Co.*, 650
F.2d 663, 667 (5th Cir.1981). The district
court further did not abuse its discretion in
denying Lane's motion for the appoint-
ment of counsel. *See Cupit v. Jones*, 835
F.2d 82, 86 (5th Cir.1987).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.